IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| Meghan King, | Civil Action No.: 4:13-cv-00147 |
| Plaintiff, | |
| v. | **COMPLAINT** |
| Williams & Fudge, Inc., | **JURY TRIAL DEMANDED** |
| Defendant. | |

For this Complaint, the Plaintiff, Meghan King, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and North Carolina Fair Debt Collection Practices Act, by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Meghan King ("Plaintiff"), is an adult individual residing in Greenville, North Carolina, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Williams & Fudge, Inc. ("Williams") is a business entity with an address of 300 Chatham Avenue, Rock Hill, South Carolina 29731-1590, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

A. **The Debt**

6. The Plaintiff allegedly incurred a financial obligation in the approximate amount of $4,022.84 (the "Debt") to Barton College (the "Creditor").

7. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8. The Debt was purchased, assigned or transferred to Williams for collection, or Williams was employed by the Creditor to collect the Debt.

9. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

B. **Williams Engages in Harassment and Abusive Tactics**

10. Within the last year, Williams contacted Plaintiff in an attempt to collect the Debt.

11. Williams called Plaintiff at an excessive rate, placing three to four calls to Plaintiff's cellular telephone on a daily basis.

12. During each conversation, Plaintiff disputed the Debt and requested validation sent to her via U.S. mail.

13. Despite these repeated requests, Williams continued calling Plaintiff in an attempt to collect the Debt at an excessive rate as aforementioned.

2

14. Plaintiff instructed Williams to call her on her cellular phone only and requested that no calls be placed to her place of employment.

15. Williams then called Plaintiff at her work place despite Plaintiff's request.

16. Moreover, after knowing Plaintiff's whereabouts and after having been in contact with Plaintiff, Williams called Plaintiff's brother in an attempt to collect the Debt.

17. Williams disclosed the nature of the call to Plaintiff's brother, causing Plaintiff a great deal of embarrassment and frustration.

C. **Plaintiff Suffered Actual Damages**

18. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

19. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

20. The Defendant's conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I

### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *et seq.*

21. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. The Defendant's conduct violated 15 U.S.C. § 1692c(a)(3) in that Defendant contacted the Plaintiff at his place of employment, knowing that the Plaintiff's employer prohibited such communications.

3

23. The Defendant's conduct violated 15 U.S.C. § 1692c(b) in that Defendant communicated with individuals other than the Plaintiff, the Plaintiff's attorney, or a credit bureau.

24. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

25. The Defendant's conduct violated 15 U.S.C. § 1692d(5) in that Defendant caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

26. The Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt.

27. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

28. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II

### VIOLATIONS OF THE NORTH CAROLINA FAIR DEBT COLLECTION PRACTICES ACT, N.C. Gen.Stat. § 58-70, *et seq.*

29. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. The Plaintiff is a "person" as the term is defined by N.C. Gen.Stat. § 58-70-6(4).

31. The Defendant is a "collection agency" as the term is defined by N.C. Gen.Stat. § 58-70-15, and is duly licensed collect debt in the state of North Carolina pursuant to N.C. Gen.Stat. § 58-70-1.

4

32. The Defendant caused a telephone to ring or engaged the Plaintiff in telephone conversation with such frequency as to be unreasonable or to constitute a harassment to the Plaintiff under the circumstances or at times known to be times other than normal waking hours of the Plaintiff, in violation of N.C. Gen.Stat. § 58-70-100(3).

33. The Defendant placed telephone calls or attempted to communicate with Plaintiff, contrary to her instructions, at her place of employment, in violation of N.C. Gen.Stat. § 58-70-100(4).

34. The Defendant communicated with persons other than the Plaintiff, or the Plaintiff's attorney, in violation of N.C. Gen.Stat. § 58-70-105(1).

## COUNT III

### VIOLATION OF THE NORTH CAROLINA UNFAIR TRADE PRACTICES ACT, N.C. Gen.Stat. § 75-1.1, *et seq.*

35. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. The Defendants' unfair or deceptive acts to collect the Debt occurred in commerce, in violation of N.C. Gen.Stat. § 75-1.1.

37. The Plaintiff suffered mental anguish, lost wages and other damages in an amount to be proven at trial.

38. Defendant's failure to comply with these provisions constitutes an unfair or deceptive act under N.C. Gen.Stat. § 75-1.1 and, as such, the Plaintiff is entitled to damages plus reasonable attorney's fees.

5

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant;

4. Actual damages pursuant to N.C. Gen.Stat. § 58-70-130(a);

5. Statutory damages of $4,000.00 for each violation pursuant to N.C. Gen.Stat. § 58-70-130(b) or N.C. Gen. Stat. § 75-56.

6. Attorney's fees pursuant to N.C.G.S. § 75-16.1;

7. Punitive damages; and

8. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: June 20, 2013

        Respectfully submitted,

        By:   */s/ Ruth M. Allen*

        Ruth M. Allen, Esq.
        Bar Number: 34739
        7413 Six Forks Road, Suite 326
        Raleigh NC  27615
        Email: rallen@lemberglaw.com
        Telephone: (855) 301-2100 Ext. 5536
        Facsimile:  (888) 953-6237
        Attorney for Plaintiff

Of Counsel To:

Sergei Lemberg, Esq.
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424